IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MISTIE WEST
o/b/o J.W., a minor                                                                                       PLAINTIFF

             v.                                  CIVIL NO. 13-2173

CAROLYN W. COLVIN,  Commissioner
Social Security Administration                                                                   DEFENDANT

### MAGISRATE JUDGE'S REPORT AND RECOMMENDATION

On July 10, 2013, Plaintiff submitted a complaint for filing in this district, together with a request for leave to proceed *in forma pauperis* ("IFP").  ECF Nos. 1, 2.  Subsequently, an order was issued directing Plaintiff to provide more information on her IFP application.  ECF No. 5. Plaintiff filed an amended IFP application on July 23, 2013.  ECF No. 6.  For reasons stated below, the undersigned recommends that Plaintiff's IFP motion be denied.

Federal courts have the statutory authority to permit the commencement of a civil action without prepayment of fees or costs by a person who submits an affidavit that she is unable to pay such costs or give security therefor.  28 U.S.C. § 1915(a).  The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have an entre, not a barrier, to the federal courts.  *In re Williamson*, 786 F.2d 1336, 1338 (8th Cir. 1986) (citing *Souder v. McGuire*, 516 F.2d 820, 823 (3rd Cir. 1975)).  Although a claimant need not be "completely destitute" to take advantage of the IFP statute, he or she must show that paying the filing fee would result in an undue financial hardship.  *Williamson*, 786 F.2d at 1338.

Plaintiff's IFP application reveals that she and her husband receive approximately $5,041.83 monthly ($3,358.33 in take-home pay) from their respective jobs.  ECF Nos. 2, 6. Plaintiff owns a home worth an estimated $86,000.00, on which she owes $72,000.00, and a car

**AO72A**
**(Rev. 8/82)**

worth an estimated $16,000.00, on which she owes $14,000.00. Other outstanding debts include student loan debt estimated at $60,000.00 and credit card debt estimated at $4,000.00. Plaintiff's monthly expenses are as follows: $592.00 for house payment; $308.00 for daycare; $125.00 for cable; $386.00 for car payment; $600.00 for student loans; $100.00 for electricity; $210.00 for insurance; $45.00 for gas; $200.00 for credit card payment; $200.00 for medical bills; and $100.00 for phone bill. Plaintiff has one dependent, J.W.

Here, Plaintiff is by no means destitute. She and her husband receive approximately $60,502.00 in annual gross income ($40,300.00 in take-home pay), which is well above the income of most IFP claimants. As such, Plaintiff has not shown that paying the one-time filing fee would create an undue financial hardship. For these reasons, the undersigned finds that a waiver of the filing fee would be inappropriate in this instance.

The undersigned recommends that Plaintiff's IFP application be denied and she be required to pay the filing fee of $400.00. **The parties have fourteen days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

ENTERED this 30th day of July 2013.

/s/ *J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A (Rev. 8/82)